# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BENNY BORACI,

    Plaintiff,

v.

LAW OFFICES OF MICHAEL R.
STILLMAN, P.C.,

    Defendant.
_____/

Case No. 06-13671

Hon. Gerald E. Rosen

## ORDER REGARDING DEFENDANT'S OFFER
## OF JUDGMENT AND PLAINTIFF'S PETITION FOR FEES

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    February 9, 2007

    PRESENT: Honorable Gerald E. Rosen
                      United States District Judge

On or around October 13, 2006, Defendant served upon Plaintiff an offer of judgment pursuant to Fed. R. Civ. P. 68, under which Defendant agreed to "allow a judgment to be taken against this Defendant for the sum of $1,000.00, plus the court costs of this action, and reasonable attorney fees incurred up to the date [of] the filing of the within Offer of Judgment." On October 17, 2006, Plaintiff filed a notice of his purported acceptance of this offer of judgment, stating that he "hereby accepts Defendant['s] . . . Offer of Judg[]ment for $1,000.00, plus costs and reasonable attorney fees incurred to date, those fees and costs being $2,500.00."

About three weeks later, on November 7, 2006, Plaintiff filed a petition seeking an award of $3,962.25 in attorney fees and costs, citing Defendant's failure in its offer of judgment to specify the fees it had agreed to pay and the parties' subsequent inability to agree upon an appropriate fee award.  Defendant has since filed objections to Plaintiff's petition for fees, and Plaintiff, in turn, has filed a notice of its withdrawal of its prior acceptance of Defendant's offer of judgment.  The parties' rhetoric has escalated with each additional filing, with each accusing the other of unnecessarily driving up the cost of this litigation.  Accordingly, the Court now confronts the unpleasant task of refereeing the parties' dispute over their efforts to settle this action.

As is all too often the case, much of the parties' present predicament is attributable to their failure to heed the fairly straightforward command of the relevant federal rule — here, Fed. R. Civ. P. 68.  In particular, this rule provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.  If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, ***either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.***  An offer not accepted shall be deemed withdrawn . . . .

Fed. R. Civ. P. 68 (emphasis added).  In this case, while Plaintiff filed and served a written notice of his ***acceptance*** of Defendant's offer of judgment, neither party filed the

underlying *offer itself*.[1]  Accordingly, the clerk's obligation to enter judgment was not triggered, and no such judgment has been entered.

The procedure employed by the parties was deficient in another respect as well.  In crafting its offer of judgment, Defendant could have specified a particular amount of attorney fees that it was willing to pay, over and above the threshold settlement amount of $1000.  Alternatively, it could have offered a single amount (presumably greater than $1000) that was intended to encompass *all* of the elements of Plaintiff's plea for relief, including attorney fees.  See McCain v. Detroit II Auto Finance Center, 378 F.3d 561, 563-65 (6th Cir. 2004) (discussing various ways that an offer may be formulated under Rule 68 and the legal ramifications of these various options).  It chose neither of these alternatives, however.  Instead, Defendant's offer consented to the entry of a judgment of $1,000 *plus* court costs and "reasonable attorney fees incurred up to the date [of] the filing" of the offer.  This offer essentially tracked the pertinent provision of the relevant federal statute in this case, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* which entitles a prevailing plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).

This, then, was the offer presented for Plaintiff's acceptance or rejection.  As the courts have recognized, a party's acceptance of an offer of judgment must be

---

[1]This offer has since been filed as an exhibit to various motions and other papers submitted by the parties.

unconditional.  See, e.g., Ramming v. Natural Gas Pipeline Co., 390 F.3d 366, 370 (5th Cir. 2004) (observing that under Rule 68, "the plaintiff has 10 days in which to unconditionally accept the offer"); Gordon v. Gouline, 81 F.3d 235, 239 (D.C. Cir. 1996). Yet, Plaintiff's purported acceptance of Defendant's offer cannot be deemed unconditional.  Rather than simply accepting this offer, securing the entry of judgment by filing both the offer and acceptance, and then seeking an award of attorney fees, either through negotiation with Defendant or via motion to the Court, see Fed. R. Civ. P. 54(d)(2)(B), Plaintiff instead sought to specify the precise amount of the "reasonable attorney fees" offered by Defendant.  Under familiar contract law principles, which govern a court's analysis of offer and acceptance under Rule 68, see McCain, 378 F.3d at 564-65, a purported acceptance that fails to mirror the terms of the offer "has no legal effect as an acceptance and operates as a rejection and a counter offer." Safeco Insurance Co. v. City of White House, 36 F.3d 540, 546 (6th Cir. 1994).  It follows that Plaintiff's attempt to "accept" Defendant's offer under terms that Defendant did not extend — namely, attorney fees in the specified amount of $2,500 — was legally ineffective.[2]

Consequently, Plaintiff's ensuing petition for fees is defective in two respects. First, Plaintiff has failed to secure an underlying judgment in his favor that would warrant

---

[2] If there is any doubt that Defendant did not agree to an award of "reasonable" attorney fees in the amount of $2,500, one need only consider Defendant's response in opposition to Plaintiff's petition for fees, in which Defendant contends that an attorney fee award "in the neighborhood of $1,100.00" would be appropriate.  Similarly, in a response to Plaintiff's notice that he was withdrawing his prior acceptance of Defendant's offer, Defendant expressly states that it did not agree to Plaintiff's claim of $2,500 in attorney fees, but that this was "a unilateral assertion made to the Court by Plaintiff."

an award of attorney fees under the FDCPA.  Next, he cannot claim that Defendant is bound by any sort of promise to pay such fees, where he rejected Defendant's offer by propounding an "acceptance" that deviated from the terms of this offer.  In short, the parties are left in precisely the positions they occupied prior to Defendant's offer — with the exception, of course, that Plaintiff now faces the prospect of "pay[ing] the costs incurred after the making of the offer" if "the judgment [he] finally obtain[s] . . . is not more favorable than the offer."  Fed. R. Civ. P. 68.  Under these circumstances, the parties should commence the usual discovery efforts, and the Court will soon issue a notice of a scheduling conference to be held in the near future.[3]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's November 7, 2006 petition for fees is DENIED.  IT IS FURTHER ORDERED, in accordance with

---

[3] Such a notice was previously issued in this case, with counsel appearing at a scheduling conference held in the Court's chambers on October 16, 2006.  No scheduling order was issued, however, as counsel represented to the Court that they had reached a settlement.  As discussed, this purported settlement evidently failed to encompass a meeting of the minds as to all material terms of the parties' agreement.

Nonetheless, it is important to emphasize that nothing in the present order would prevent the parties from reaching a more complete — and, hence, legally effective — settlement agreement in the future.  Such an outcome would seem to be especially appropriate here, where the parties evidently agree on an underlying settlement amount and dispute only the extent of an attorney fee award.  As both parties have acknowledged in their filings, it would serve noone's interests to prolong this litigation and incur greater costs solely for the purpose of haggling over the amount of a "reasonable" attorney fee award.  The Court strongly urges the parties to explore this option, and would be willing to convene a settlement conference to resolve this matter if the parties and their counsel are unable to do so and believe that the Court's assistance would be beneficial.

Fed. R. Civ. P. 68, that the various notices on the docket concerning offers of judgment, acceptance, and withdrawal of acceptance — specifically, docket entries 5, 8, 9, and 10 — shall be STRICKEN from the docket as relating to an offer that was not accepted and is now deemed to be withdrawn. Finally, in light of the Court's determination that discovery should go forward, IT IS FURTHER ORDERED that Defendant's January 24, 2007 motion for protective order is DENIED.

                                                    s/Gerald E. Rosen  
                                                    Gerald E. Rosen  
                                                    United States District Judge

Dated: February 9, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2007, by electronic and/or ordinary mail.

                                                    s/LaShawn R. Saulsberry  
                                                    Case Manager